LEVISON et al. v. ILLINOIS SURETY CO. et al. (No. 7143.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. INDEMNITY ⬤⇒4—LEGALITY OF BOND—ASSIGNMENT OF CLAIMS AGAINST GOVERNMENT.

Rev. St. U. S. § 3477 (U. S. Comp. St. 1913, § 6383), providing that all assignments and claims against the United States shall be null and void, unless they are executed after the issuance of the warrant, does not render void a bond given by a government contractor conditioned that its treasurer would deliver to the assignee of its claims against the government, who advanced money thereon, the warrants as soon as they were issued, since that section invalidates such assignments only against the government.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 2–6; Dec. Dig. ⬤⇒4.]

2. INDEMNITY ⬤⇒11—OBLIGATION OF SURETY—"ACT OF EMBEZZLEMENT OR LARCENY."

Where a corporation having contracts with the United States government caused a bond to be executed by its treasurer, who alone was authorized to receive and indorse warrants payable to the corporation, conditioned that he would deliver to the obligee in the bond, to whom the company had assigned certain claims against the government, all war-

rants for such claims as soon as received by him, which bond provided that the surety should be liable only in the event that the treasurer should commit an act of embezzlement or larceny, the act of the treasurer in depositing the warrants to the credit of the company, instead of transferring them to the obligee to whom they belonged, was an "act of embezzlement or larceny," which rendered the surety liable.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21–25; Dec. Dig. ☞11.]

3. APPEAL AND ERROR ☞209—QUESTIONS PRESENTED IN LOWER COURT—FAILURE TO PROVE FACTS.

Where a government contractor assigned his claims against the government to one who advanced money thereon, and it was agreed that the assignee should be entitled to receive the money on such claims to the extent of the general balance due it for moneys advanced, the surety on the bond given to secure delivery of the warrant to the assignee could not for the first time on appeal, after the amount of the general balance was proved at the trial without objection, object that the assignment of all the claims which entered into the general balance was not proved, since, if that objection had been made at the trial, the evidence could have been introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1298, 1300, 1303; Dec. Dig. ☞209.]

Scott, J., dissenting.

Action by Isaac Levison and another against the Illinois Surety Company and another. Verdict directed for the plaintiffs, on motion made by both parties, and exceptions by defendant Surety Company, heard at the Appellate Division in the first instance. Exceptions overruled, and judgment ordered in favor of the plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

I. Gainsburg, of New York City (Joseph P. Segal, of New York City, on the brief), for plaintiffs.

L. Laflin Kellogg, of New York City (Alfred C. Pette, of New York City, on the brief), for defendant Illinois Surety Co.

LAUGHLIN, J. The plaintiffs were copartners engaged, under the name of Commercial Trades Company, in the business of advancing money to contractors on the security of assigned claims for moneys to grow due under their contracts. Vermilye & Power, Incorporated, was a domestic corporation engaged in the business of furnishing machinery and supplies to contractors and others, and had various contracts to furnish machinery and supplies to the United States government. Business relations between Vermilye & Power, Incorporated, and the plaintiffs, were negotiated and established in behalf of that company by the defendant Frank Paul, who was its secretary and treasurer. Section 3477 of the United States Revised Statutes (U. S. Comp. St. 1913, § 6383) declares that all assignments of claims against the United States shall be null and void "unless they are freely made and executed * * * after the allowance of such a claim, the ascertainment of the amount due, and the issuance of a warrant for the payment thereof." Owing to these statutory provisions, it was recognized that the plaintiffs could not collect from the United States gov-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ernment under assignments of claims to grow due from it to Vermilye & Power, Incorporated, and for that reason at the outset the execution of a bond on which this action is based was negotiated. Payments on account of government contracts were made by United States treasury warrants.

On the 30th day of August, 1909, the board of directors of Vermilye & Power, Incorporated, duly adopted a resolution authorizing the treasurer to open an account for the company with any solvent bank or trust company in the borough of Manhattan and to deposit therein any funds coming into his custody, and it was amended on January 25, 1910, by providing that he should be the only person authorized to indorse the name of the company to any check, bill, note, or draft payable to the company on accounts due and owing to the company, or to any checks, notes, drafts, or other negotiable instruments made by it. On the 1st day of November, 1910, Paul, as principal, and the defendant company, as surety, executed a bond which recites that the plaintiffs were about to enter into a contract with Vermilye & Power, Incorporated, "for the purpose of discounting certain payments due the said Vermilye & Power, Incorporated, from the United States government," and that said company had authorized Paul "to receive funds from the United States government in settlement of" payments due to it from the government, "and to pay the same" to the plaintiffs "as they are received." The bond was in the penal sum of $5,000, and it was expressly conditioned for the payment over to the plaintiffs by Paul of "all moneys received by him from the United States government on account of bills discounted by" the plaintiffs "for the said Vermilye & Power, Incorporated." The bond contained a proviso to the effect that the surety should not be liable for any funds not collected from the United States government on account of bills so discounted, and this is followed by a sentence as follows:

"Said surety shall be liable only in the event that the said Frank Paul shall commit an act of larceny or embezzlement of any of the said funds entrusted to his care."

After the execution of the bond Vermilye & Power, Incorporated, executed various assignments to the plaintiffs of moneys due and to grow due to it under contracts with the United States government, providing that all remittances received by it on account of the contracts should be received in trust for the plaintiffs, and that "the identical checks or moneys constituting such remittances shall be immediately turned over" to the plaintiffs. The plaintiffs advanced 75 per cent. of the face of the claims thus assigned, and it was provided that it should receive 4 per cent. for its services and charge interest at the rate of 6 per cent. on advances, and account to the assignor for any surplus. It was further provided in the assignments that any deficiency in the collection of any moneys due under an assignment might be collected by the plaintiffs at their option out of moneys that might become due to the assignor out of any previous or subsequent assignment. The course of business outlined by the bond and assignments was followed until the matters arose out of which this action grew.

Paul received remittances from the United States government on

account of claims covered by five different assignments to the plaintiffs, which he evidently indorsed and deposited to the credit of the assignor, instead of following the course of business agreed upon, namely, of indorsing and transferring the treasury warrants to the plaintiffs. This action is brought to recover on account of the failure of the defendant Paul to turn over these treasury warrants, or the proceeds thereof, to the plaintiffs; but the plaintiffs only demand the balance owing to them for moneys advanced on account of various assignments. The court directed a verdict in favor of the plaintiffs, on a motion made by both parties for a direction of a verdict, by which the facts were submitted to the court, and thereupon ordered the exceptions taken by the Surety Company to be heard in the first instance at the Appellate Division.

[1] The learned counsel for the Surety Company contends at the outset that the bond is void, as being in violation of the provisions of the federal statute quoted. I am of opinion that the contention is without merit. In York v. Conde, 147 N. Y. 486, 42 N. E. 193, our Court of Appeals construed these provisions of the federal statute as invalidating such assignments only as against the government, but as not prohibiting the enforcement thereof against the fund in the hands of the assignor after collection. It is contended by counsel for the Surety Company that York v. Conde has, in effect, been overruled by the subsequent decision of the United States Supreme Court in National Bank of Commerce v. Downie, 218 U. S. 345, 31 Sup. Ct. 89, 54 L. Ed. 1065, 20 Ann. Cas. 1116; but we think not, for there the assignor never became entitled to receive the moneys from the United States, owing to the fact that he became a bankrupt before they became payable, and the court held that his trustee in bankruptcy took the same unaffected by the prior assignment. The Supreme Court granted a writ of error to review York v. Conde (see 168 U. S. 642, 18 Sup. Ct. 234, 42 L. Ed. 611), and dismissed it after argument, on the ground that it involved no right based on the federal statute, but evidently approved the decision of our Court of Appeals, which was again brought to the attention of that tribunal on the argument of National Bank of Commerce v. Downie, supra, but no reference was made to it in the opinion. Moreover, York v. Conde has been followed by our Court of Appeals in Matter of Hone, 153 N. Y. 522, 47 N. E. 798, and Central Trust Co. v. West India Improvement Co., 169 N. Y. 314, 62 N. E. 387, and it has recently been followed in Manhattan Commercial Co. v. Paul, the defendant in this action (159 App. Div. 924, 144 N. Y. Supp. 1128), where the court sustained assignments like those to which reference has been made. We are of opinion, therefore, that the decision in York v. Conde has not been overruled in any respect, and, at least, not to such extent that it is not authority to support this action, which is based, not upon the assignments, but upon the bond executed to the plaintiffs by Paul and the Surety Company, conditioned for the payment of the moneys to the plaintiffs by Paul when received by him, which in no view can be said to be prohibited by the federal statute.

[2] Another question, not free from doubt, arises, and that is as to whether it was incumbent upon the plaintiffs to show actual larceny

or embezzlement; but I am of opinion that the bond should be construed as intended as security for the payment of the moneys by Paul to the plaintiffs. He had been authorized by his company to pay the moneys to the plaintiffs, and his company caused the bond to be given that he would do so. The bond was given on the theory that the moneys when collected belonged to the plaintiffs and they did. An application or appropriation of the funds to any other purpose was intended, I think, by the parties to constitute the larceny or embezzlement as those terms are used in this bond. I am of opinion, therefore, that there was a breach of the Surety Company's undertaking when Paul indorsed and delivered the warrants to his company and allowed it to receive the money, instead of turning them or the proceeds over to plaintiffs.

[3] Counsel for the Surety Company now contends that the plaintiffs were not entitled to receive and retain warrants, or the proceeds thereof, on account of a general balance owing to them by the assignor, for all of which assignments were not proved; and on that theory he contends that the verdict is excessive in any event. This contention is equally without merit, for, as has been seen, by the express provisions of the assignments the plaintiffs were entitled to receive the moneys on account of any balance owing under any other assignment, and they showed the general balance owing without any question having been raised on the trial with respect to their having like assignments for all the advances made by them. If such objection had been taken, the plaintiffs might have met it by proving the assignments. It appears to have been assumed without objection that they had like assignments with respect to the entire balance, and it is now too late to take the objection, which might have been met by competent proof, had it been taken on the trial.

These are the only points which merit discussion in an opinion.

It follows that the exceptions taken by the Surety Company should be overruled, and judgment awarded in favor of the plaintiffs on the verdict, with costs. Settle order on notice.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. I dissent, on the ground that the facts do not show any larceny or embezzlement on the part of Paul.